No. 42,983

JOE BERNATZKI, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee.*

(375 P. 2d 631)

Appellant was on the briefs *pro se.*

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the judgment of the trial court denying petitioner's application for a writ of habeas corpus.

In the original criminal proceedings petitioner was committed to the Kansas State Penitentiary as a result of three sentences imposed on March 3, 1954, for terms of one to ten years each which were declared by the trial court to run consecutively. After petitioner had served approximately four years of these sentences, the board of probation and parole placed him on parole which was later revoked and he was returned to the penitentiary. The only contention of petitioner is that the board in granting him a parole reduced his original sentences so they became concurrent rather than consecutive and thus constituted a sentence of one to ten years instead of three to thirty years.

Any power granted to the board of probation and parole does not extend to pardons and commutations because the governor, and he alone, has such power under our statutes. G. S. 1961 Supp., 62-2216, provides that under certain conditions the governor may pardon or commute the sentence of any person convicted in any court in this state of any offense against any law thereof; that he shall refer all applications for pardon or commutation to the board (of probation and parole) which is empowered to investigate each case and submit to the governor within thirty days after such referral a report of its investigation and the governor shall not grant or deny any such application until the board has made its report, or until thirty days after the referral have expired, whichever time is the shorter. The probation and parole board, having no power, authority, or jurisdiction to pardon petitioner or commute his sentence, could not have done what he claims it did. For this reason the trial court was absolutely correct in denying the writ.

Judgment affirmed.